**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: ) | |
| ) | |
| RICHARD S. BROWN, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| <u>Case No. 21-13400 (MDC)</u> ) | |
| ) | |
| JONATHAN SETHNA and ) | |
| CHRISTINE SETHNA, ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 2:23-cv-00862-MRP |
| RICHARD S. BROWN, ) | |
| Defendant. ) | |
| ) | |
| <u>Adv. Pro. No. 22-00034</u> ) | |

**ORDER**

AND NOW, this ___ day of _____, 2023, upon consideration of Jonathan and Christine Sethnas' Motion to Quash Appeal, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED.** There is no right to appeal from the March 3, 2023 Order of the United States Bankruptcy Court, because that Order did not dismiss all claims against Richard S. Brown and did not finally resolve the issue of the amount of nondischargeable debt. Accordingly, the March 3, 2023 Order of the United States Bankruptcy Court was and is interlocutory; Richard S. Brown's Notice of Appeal is premature; and his Notice of Appeal to this Court is hereby **QUASHED.**

BY THE COURT:

_____
Mia Roberts Perez
United States District Court Judge

30401727v.1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>RICHARD S. BROWN,<br><br>     Debtor.<br><br>___Case No. 21-13400 (MDC)___<br><br>JONATHAN SETHNA and<br>CHRISTINE SETHNA,<br>     Plaintiffs,<br><br>vs.<br><br>RICHARD S. BROWN,<br>     Defendant.<br><br>___Adv. Pro. No. 22-00034___ | Case No. 2:23-cv-00862-MRP |

## JONATHAN AND CHRISTINE SETHNA'S MOTION TO QUASH APPEAL

Plaintiffs Jonathan and Christine Sethna (together, the "Sethnas"), by and through their counsel White and Williams LLP, submit this Motion to Quash Richard S. Brown's ("Brown") Notice of Appeal because the appeal does not properly lie from the March 3, 2023 decision of the United States Bankruptcy Court (the "Bankruptcy Court"), where the Bankruptcy Court granted partial summary judgment in favor of the Sethnas. More specifically, the Bankruptcy Court's March 3, 3023 Order (Adv. Pro. Docket No. 33) granted summary judgment in favor of the Sethnas on fewer than all of their claims (i.e., on Count I of their Amended Adversary Complaint only) and also expressly held open three related issues that remain for resolution. No final decision has been entered by the Bankruptcy Court below and, therefore, Brown's Notice of Appeal is premature. In support thereof, the Sethnas state as follows:

  1.  On January 12, 2023, the Sethnas filed a motion for partial summary judgment

30401727v.1

respecting Count I of their Amended Adversary Complaint against Brown, which asserted that the debt owed the Sethnas by Brown (the "Debt") is nondischargeable under 11 U.S.C. § 523(a)(2)(A).  *See* Adv. Pro. Docket No. 26.

2. On February 2, 2023, Brown filed a response in opposition to the Sethnas' Motion for Summary Judgment.  *See* Adv. Pro. Docket No. 30.

3. The Bankruptcy Court held a hearing, and heard argument, on the Sethnas' Motion for Summary Judgment on February 13, 2023.

4. By Order dated March 3, 2023, the Bankruptcy Court determined that the Debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and that the Sethnas are entitled to judgment as a matter of law on Count I of their Amended Adversary Complaint.  *See* Adv. Pro. Docket No. 33.  A true and correct copy of the March 3, 2023 Order ("Partial Summary Judgment Order") is attached hereto as Exhibit "A."

5. Although the Bankruptcy Court concluded that the Debt is nondischargeable, it expressly noted three related issues that "remain for resolution."  *See* Partial Summary Judgment Order, at ¶ 7.  Specifically, the Bankruptcy Court noted (a) its need to resolve Brown's affirmative defense, through which he asserts that the Sethnas breached an underlying settlement agreement that he says should reduce the amount of the Debt that is nondischargeable; (b) an open question of law about whether statutory post-judgment interest that accrued on the Debt prior to Brown's bankruptcy petition is nondischargeable; and (c) the Sethnas' suggestion that they may elect to voluntarily discontinue Count II of their Amended Adversary Complaint, which seeks, in the alternative, the same relief sought in Count I (i.e., nondischargeability of the Debt).  *Id.*

6. The Bankruptcy Court scheduled a status conference for March 14, 2023 to

discuss the three remaining issues with the parties. *Id.* at ¶ 8.

7. On March 6, 2023, Brown filed his Notice of Appeal to this Court *pro se*. *See* Adv. Pro. Docket No. 35.

8. Because the Partial Summary Judgment Order dismissed only Count I of the Sethnas' two-count Amended Adversary Complaint, the Partial Summary Judgment Order is interlocutory on its face.

9. Moreover, even if the Sethnas were to voluntarily dismiss and discontinue Count II of their Amended Adversary Complaint, the two remaining (and unresolved) issues noted by the Bankruptcy Court further render the Partial Summary Judgment Order interlocutory.

10. In his Notice of Appeal, Brown purports to (improperly) appeal "as of right" the interlocutory Partial Summary Judgment Order that does not dismiss all of the Sethnas claims in the Amended Adversary Complaint and does not finally resolve the issue of the amount of the Debt that the Bankruptcy Court determined is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

11. Under 28 U.S.C. § 158(a)(3), if Brown desires an interlocutory appeal of the Partial Summary Judgment Order, he must pursue an appeal by seeking and obtaining leave of court. Alternatively, Brown can await a final decision resolving all claims, from which he would then have an appeal as of right under 28 U.S.C. § 158(a)(1).

12. Brown's Notice of Appeal from the Bankruptcy Court's interlocutory Order of March 3, 2023 is premature and, therefore, should be quashed.

WHEREFORE, Jonathan and Christine Sethna respectfully request that their Motion to Quash Appeal be granted, and that Richard S. Brown's Notice of Appeal from the interlocutory March 3, 2023 Order of the Bankruptcy Court be quashed.

30401727v.1

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY: /s/Vincent N. Barbera
Vincent N. Barbera
1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.7137
Attorneys for Jonathan and Christine Sethna

Dated: March 13, 2023

-4-

30401727v.1



# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| RICHARD S. BROWN, | ) | Case No. 21-13400-mdc |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JONATHAN SETHNA and | ) | |
| CHRISTINE SETHNA, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD S. BROWN, | ) | |
| Defendant. | ) | Adv. Pro. No. 22-00034-mdc |
| | ) | |

## ORDER

**AND NOW**, on June 27, 2022, Jonathan and Christine Sethna (the "Plaintiffs") filed an Amended Complaint[1] in the above-captioned adversary proceeding, seeking a determination that a debt Richard S. Brown (the "Debtor") owes to them pursuant to a settlement agreement (the "Settlement Agreement") and stipulated judgment (the "Judgment") obtained in Pennsylvania state court (the "Pennsylvania Litigation") is nondischargeable pursuant to §§523(a)(2)(A) and 523(a)(6) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**AND**, on July 26, 2022, the Debtor filed an Answer[2] to the Amended Complaint.

---

[1] Adv. Pro. Docket No. 11.

[2] Adv. Pro. Docket No. 12.

29922773v.1

**AND**, on January 12, 2023, the Plaintiffs filed a partial motion for summary judgment (the "Summary Judgment Motion")[3] with respect to their claim under §523(a)(2)(A) of the Complaint.

**AND**, on February 2, 2023, the Debtor filed a response (the "Response")[4] to the Summary Judgment Motion.

**AND**, on February 13, 2023, the Court held a hearing on the Summary Judgment Motion.

It is hereby **ORDERED, ADJUDGED, and DETERMINED** that:

1. The Summary Judgment Motion is **GRANTED**.

2. Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge under, *inter alia*, §1328(b) does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. §523(a)(2)(A). To establish that the Debtor's debt to them is nondischargeable pursuant to §523(a)(2)(A) because it was incurred by the use of false representations, the Plaintiffs must establish by a preponderance of the evidence the following elements: (1) the Debtor made representations knowing they were false; (2) the Debtor made the representations with the intent and purpose of deceiving the Plaintiffs; (3) the Plaintiffs justifiably relied on the Debtor's false representations; and (4) the Plaintiffs suffered a loss or damage as a proximate consequence of the representation having been made. *Field v. Mans*, 516 U.S. 59, 61 (1995) (stating elements of a §523(a)(2)(A) claim for false representations).

3. The Settlement Agreement resolved the Plaintiffs' fraud and breach of contract

---

[3] Adv. Pro. Docket No. 26.

[4] Adv. Pro. Docket No. 30.

claims against the Debtor related to his agreement to build their residence in Philadelphia. See Summary Judgment Motion, at Ex. C. The Settlement Agreement provided, among other things, for the entry of the Stipulated Judgment in the Pennsylvania Litigation against the Debtor and his wholly-owned company, Oxford Consulting, LLC ("Oxford"), in the amount of $120,000. *Id.*[5]

4. Paragraph 11 of the Settlement Agreement the Plaintiffs and the Debtor entered into to resolve the Pennsylvania Litigation provides, in relevant part, as follows: "Section 523(a)(2)(A) Stipulation … The Undersigned Parties acknowledge and agree that the Litigation arose due to the fraudulent actions of [the Debtor and Oxford]. [The Debtor] acknowledges and agrees that (a) he personally and through the actions of [Oxford], did make materially false representations to [the Plaintiffs] in connection with the Agreement for Sale and building of the Property (the 'Representations') with the intent to deceive and fraudulently obtain money and property from [the Plaintiffs]; (b) [the Plaintiffs] did reasonably rely on such Representations; and (c) such Representations did cause [the Plaintiffs] material loss." *Id.* at Ex. C.

5. The Settlement Agreement is a contract between the Plaintiffs and the Debtor, and Paragraph 11 of the Settlement Agreement is an unambiguous admission by the Debtor that satisfies all elements for nondischargeability of a debt under §523(a)(2)(A) due to false representations. The Debtor cannot now escape the consequences of that admission by asserting that the admissions he made were knowingly false when he made them, and that he did so only to induce the Plaintiffs to settle their fraud and breach of contract claims against him in the Pennsylvania Litigation. *See In re WL Homes, LLC*, 452 B.R. 138, 147, n. 4 (Bankr.D.Del.2011)

---

[5] The Stipulated Judgment entered in the Pennsylvania Litigation provides for judgment in the amount of $125,000. *Id.* at Ex. D. An issue the Debtor has pressed, but which the Court cannot and will not resolve, is whether the Judgment should have been entered in the amount of $120,000, consistent with the Settlement Agreement. The Judgment was entered in the amount of $125,000, and the Court is bound by that judgment amount; to the extent the Debtor believed that amount was incorrect as inconsistent with the Settlement Agreement, that was an issue to be resolved by the Pennsylvania court that entered the Judgment.

("It has long been the common law rule that signing a document authenticates and adopts the words it contains, even if there was a lack of subjective understanding of the words or their legal effect. In essence, people are presumed to be bound by what they sign." (quoting *In re Schwalb*, 347 B.R. 726, 743 (Bankr.D.Nev.2006); *Corum Real Estate Group, Inc. v. Blackrock Realty Advisors, Inc.*, Civ. No. 09–01680, 2010 WL 1957221, at *3 (D.Colo. May 14, 2010) ("it is axiomatic that a party agrees to the things contained in a written agreement that it signs."); *Fifth Third Bank of Northwestern Ohio v. Baumhaft (In re Baumhaft)*, 271 B.R. 523, 526-27 (Bankr. E.D. Mich. 2001) (finding that debtor's intention to be bound by factual admissions of bank fraud in pre-petition settlement agreement and verified statement were evidenced by the documents and warranted summary judgment on plaintiff's nondischargeability claim).[6] The Court likewise finds meritless the Debtor's argument that the fraud was not fully litigated, but rather was settled, and that the Settlement Agreement does not detail any specific false representations. Paragraph 11 of the Settlement Agreement constitutes the Debtor's admission that he made false representations to the Plaintiffs to fraudulently obtain their money and property; the Settlement Agreement precluded the need for litigation, and no further detail is required to establish that the Debtor made false representations for purposes of §523(a)(2)(A).

6. The Court finds that paragraph 11 of the Settlement Agreement constitutes an unambiguous admission by the Debtor that satisfies all requirements for liability under §523(a)(2)(A), and therefore entitles the Plaintiffs to judgment as a matter of law on Count I of the Amended Complaint.

---

[6] Moreover, as the Plaintiffs argue in the Summary Judgment Motion, to the extent the Debtor now asserts in this proceeding that he knew the admissions he was making in paragraph 11 of the Settlement Agreement were false and did so only to induce the Plaintiffs to settle their claims against him, this does not help the Debtor. Rather, this is an admission that in entering into the Settlement Agreement, thereby inducing the Plaintiffs to release their claims in the Pennsylvania Litigation in exchange for, *inter alia,* the Stipulated Judgment, the Debtor did so by knowingly making a false representation. Such an admission likewise renders the debt to the Plaintiffs nondischargeable.

7. Several issues, however, remain for resolution. First, the Debtor has asserted in the Response that the Debtors themselves breached the Settlement Agreement, and has asserted as an affirmative defense in his Answer that the Court needs to determine the amount of the Plaintiffs' claim that is nondischargeable. At the Hearing, the Plaintiffs argued that any purported breach of contract claim by the Debtor may be waived and/or barred by the applicable statute of limitations issue (the "Breach of Contract Issue"). Second, at the Hearing the Court *sua sponte* raised whether the portion of the Plaintiffs' claim against the Debtor that is attributable to post-judgment, pre-petition interest is also nondischargeable, or alternatively, only the $125,000 principal amount of the Stipulated Judgment is nondischargeable (the "Post-Judgment Interest Issue"). Finally, at the Hearing, counsel for the Plaintiffs suggested that, if the Court were to rule in the Plaintiffs' favor with respect to summary judgment on Count I of the Complaint, they may decide not to pursue Count II of the Amended Complaint (the "Count II Issue"). As the Court is hereby granting the Plaintiffs summary judgment on Count I, the 523(a)(6) Issue requires clarification from the Plaintiffs.

8. The Court will hold status conference on **March 14, 2023, at 11:00 a.m.**, **in Bankruptcy Courtroom No. 2, Robert N.C. Nix Federal Building & Courthouse, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania**, to confer with the Plaintiffs and the Debtor regarding resolution of (i) the Breach of Contract Issue, (ii) the Post-Judgment Interest Issue, and (iii) the Count II Issue.

Dated: March 3, 2023

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

David Banks, Esquire
Banks & Banks
3038 Church Road
Lafayette Hill, PA 19444

Amy E. Vulpio, Esquire
Vincent N. Barbera, Esquire
White and Williams LLP
1650 Market Street, Suite 1800
Philadelphia, PA 19103-7395

Michael A. Cataldo, Esquire
Gellert Scali Busenkell & Brown LLC
1628 John F. Kennedy Blvd., Suite 1901
Philadelphia, PA 19103

## CERTIFICATE OF SERVICE

I, Vincent N. Barbera, Esquire, hereby certify that on this 13th day of March, 2023, I caused a true and correct copy of Jonathan and Christine Sethna's Motion to Quash Appeal to be filed via the Court's CM/ECF system which automatically serves counsel of record electronically as listed below.

> David Banks, Esquire
> Banks & Banks
> 3038 Church Road
> Lafayette Hill, PA 19444

The below counsel will be served by First Class Mail, postage pre-paid.

> Michael A. Cataldo, Esquire
> Gellert Scali Busenkill & Brown LLC
> 1628 John F. Kennedy Blvd., Suite 1901
> Philadelphia, PA 19103

                                                      _____/s/Vincent N. Barbera_____
                                                                Vincent N. Barbera