# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Richard S. Brown<br><br>Chapter 13 Debtor<br><br>Case No: 21-13400 (MDC)<br><br>---<br><br>JONATHAN SETHNA and<br><br>CHRISTINE SETHNA,<br><br>           Plaintiffs/Appellees,<br><br>vs.<br><br>RICHARD S. BROWN<br><br>           Defendant/Appellant.<br><br>Adv. Pro. No. 22-00034 | Case No. 2-23-cv-00862-MRP |

## ORDER

AND NOW, this ___ day of _____, 2023, upon consideration of Richard S. Brown's Answer To and Memorandum of Law In Opposition To Jonathan and Christine Sethnas' Motion to Quash Appeal, it is hereby **ORDERED** that Appellees' Motion is **DENIED**. Appellant has the right to appeal from the March 3, 2023 Order of the United States Bankruptcy Court.

BY THE COURT:

_____
Mia Roberts Perez
United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Richard S. Brown<br><br>Chapter 13 Debtor<br><br>Case No: 21-13400 (MDC)<br><br>JONATHAN SETHNA and<br><br>CHRISTINE SETHNA,<br><br>           Plaintiffs/Appellees,<br><br>    vs.<br><br>RICHARD S. BROWN<br><br>           Defendant/Appellant.<br><br>Adv. Pro. No. 22-00034 | Case No. 2-23-cv-00862-MRP |

## ANSWER TO APPELLEES' JONATHAN AND CHRISTINE SETHNA'S MOTION TO QUASH APPEAL

Appellant Richard S. Brown, acting in *pro se*, hereby submits this Answer To and accompanying Memorandum of Law In Opposition To Appellees' Jonathan and Christine Sethna's Motion To Quash Appeal filed in this Court on March 13, 2023. Appellant appealed from an Order granting Summary Judgment in an Adversary Proceeding (See Exhibit A). Appellees claim that Appellant's Notice of Appeal to the U.S. District Court is interlocutory in nature and, therefore, Appellant must ask for leave of court in order to pursue an appeal pursuant to 11 U.S.C. §158(a)(3).

This is an erroneous assertion and the appeal sought by Appellant is, in fact, a final order in the context of case law in the Bankruptcy context pursuant to 11 U.S.C. §158(a)(1). Therefore, the Notice of Appeal is valid and the Appellees' Motion to Quash should be denied.

## ANSWER

1. Admitted in part, Denied in part.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Denied. See Accompanying Memorandum In Opposition.
9. Denied. See Accompanying Memorandum In Opposition.
10. Denied. See Accompanying Memorandum In Opposition.
11. Denied. See Accompanying Memorandum In Opposition.
12. Denied. See Accompanying Memorandum In Opposition.

WHEREFORE, Appellant Richard S. Brown respectfully requests that the Appellees' Motion To Quash Appeal be **DENIED** and the March 3, 2023 order from the Honorable Magdeline Coleman is appealable as a final order.

_____  Date: March 22, 2023
Richard S. Brown
Pro Se Appellant

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Richard S. Brown<br><br>Chapter 13 Debtor<br><br>Case No: 21-13400 (MDC)<br><br>JONATHAN SETHNA and<br><br>CHRISTINE SETHNA,<br><br>        Plaintiffs/Appellees,<br><br>    vs.<br><br>RICHARD S. BROWN<br><br>        Defendant/Appellant.<br><br>Adv. Pro. No. 22-00034 | Case No. 2-23-cv-00862-MRP |

## MEMORANDUM OF LAW IN OPPOSTION TO APPELLEES' JONATHAN AND CHRISTINE SETHNA'S MOTION TO QUASH APPEAL

Appellant Richard S. Brown, acting in *pro se*, respectfully submits this Memorandum of Law In Opposition to the Appellees' Jonathan and Christine Sethna's Motion to Quash Appeal.

### INTRODUCTION

Appellees have filed a Motion to Quash Appeal based on an Order issued from the Honorable Magdeline Coleman on March 3, 2023 in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania ("The Order", Exhibit A). Appellees allege that the appeal is interlocutory and,

therefore, should be quashed. The basis for Appellees' argument is insufficient, lacks any cited case law and fails to distinguish the difference between order finality in bankruptcy law versus that in non-bankruptcy law.

The appeal derives from an adversary proceeding (U.S. Bankruptcy Court Docket 22-00034) in the Appellant's Chapter 13 bankruptcy filing (U.S. Bankruptcy Court Docket 21-13400). In this adversary proceeding, Appellees claimed that Appellant's debt was non-dischargeable pursuant to 11 U.S.C. 523(a)(2)(a) and 11 U.S.C. 523(a)(6). Appellees filed a Motion For Summary Judgment on Count I[1] and, on March 3, 2023, Judge Coleman issued the Order that granted summary judgment to the Appellees. The Order determined that the debt owed to Appellees was non-dischargeable and Appellant timely filed a Notice of Appeal with the Court on March 6, 2023.

## ARGUMENT

### A. Differences In Bankruptcy and Non-Bankruptcy Law

There are myriad opinions and statements that have concluded that there are differences in bankruptcy law and non-bankruptcy law, especially on the issue of the finality, and therefore the appealability, of an order from a U.S. Bankruptcy Court. Most recently, *Ritzen Group Inc. v. Jackson Masonry LLC* (2020) determined that actions that are their own, separable unit within a bankruptcy proceeding are final and adverse parties must be given the right to appeal when the order derives from these separable units. See also *In re Prudential Lines, Inc.*, 59 F.3d 327 (2nd Cir. 1995); *In re Urban Broadcasting Corp.*, 304 B.R. 263, 269 n. 13 (E.D. Va. 2004).

---

[1] Count 1 is the claim under 11 U.S.C. 523(a)(2)(a).

The major difference relevant to the current case is that of issue separability and discreteness of claim. A claim that has these characteristics in an action within a bankruptcy case is appealable by right pursuant to 11 U.S.C. §158(a)(1). In *Ritzen* the Court found that certain issues in bankruptcy (in *Ritzen* plan confirmation) can be redone over and over again and, therefore, would not be subject to order finality. On the other hand, certain other issues (in *Ritzen* it was denial of automatic stay relief) that do not have these characteristics are considered final. In the current case, the order that derived from a discrete, separable action (Motion For Summary Judgment) anterior to other actions in the case was adjudicated and, is therefore, a final order subject to appeal pursuant to 11 U.S.C. §158(a)(1).

### B. The Summary Judgment Determination Is a Discrete Claim

The Order is a final order, and not interlocutory as alleged by Appellees. Appellees filed a Motion For Summary Judgment on only one Count (Count I) of the adversary proceeding (Dockeet 22-00034). The Motion For Summary Judgment constitutes an action in the adversarial proceeding and should be considered a discrete claim according to bankruptcy case law. In the alternative, the order is still appealable meaning that it is either a discrete claim within a broader scope, or the only claim in a narrow scope since it is the only Count included in a Motion For Summary Judgment. In the former scenario, it is a discrete claim according to Ritzen and other cited cases herein while in the latter is the only claim being adjudicated. Either way, the order would be considered final in the bankruptcy context.

A "discrete claim" is a point of differentiation in the determination of finality in bankruptcy versus non-bankruptcy law. *In re Prudential Lines, Inc.*, 59 F.3d 327 (2nd Cir. 1995). In the bankruptcy setting, an order that "…determines a separable dispute over a creditor's claim…" is considered final. See *In re Saco Local Dev. Corp.*, 711 F.2d 441, 445-46 (1st Cir.1983). Appellees

make a typical, non-bankruptcy argument for Appellant's appeal when classifying it as interlocutory following *Catlin v. United States (1945)*. Catlin considers an order final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911).[2] This is flawed since *Catlin* is precedent in non-bankruptcy law for order finality and it is widely held that finality in bankruptcy law is different. See *Ritzen Group Inc. v. Jackson Masonry LLC* (2020); *In re Prudential Lines, Inc.*, 59 F.3d 327 (2nd Cir. 1995).

### C. Ancillary Issues In The Order Do Not Preclude Finality

The "two remaining (and unresolved) issues" that Appellees posit also do not preclude finality in this matter since the Court imposed finality in the Order by determining that it is "…hereby ORDERED, AJUDGED AND DETERMINED that…The Summary Motion is GRANTED". This adjudication, coupled with the arguments made above A and B, give a clear indication that there is a dispute or claim, which is discrete, that has been adjudicated. More directly addressing the Appellees' argument of nonresolution, these also do not preclude finality. The <u>first</u> of these issues is the Breach of Contract claim by the Defendant-Appellant. Per the Order, the Honorable Magdeline Coleman did not consider the breach claim in determining judgment since, if she did, she would have waited to adjudicate the only claim that was put forth in the Motion For Summary Judgment. Instead, she suggested that this may have to be accomplished through a new, separate adversarial proceeding and issued the Order in question in the appeal and this Motion To Quash.

The <u>second</u> issue referred to by Appellees is a question of the amount of the judgment, especially if there will be an inclusion of post-judgment interest in the amount deemed non-dischargeable. This issue also does not preclude finality as claimed by Appellees because they are

---

[2] I note here that counsel for Appellees included no case law in the Motion To Quash so I am assuming their argument's premise.

relying on a false premise where they state the appeal should be quashed because "…it does not dismiss all of the Sethnas claims in the Amended Adversary Complaint". This is not the appropriate determining factor as has been established above. Notwithstanding that this is not the determining factor, even taking the Appellees' statement as correct, the Order does dismiss all claims in the Motion For Summary Judgment since only one Count was included in this Motion. As such, this order is a final order that has an automatic right to be appealed pursuant to 11 U.S.C. 158(a)(1).

## CONCLUSION

For all of the above reasons, Appellant Richard S. Brown respectfully requests that the Appellees' Motion To Quash Appeal is **DENIED** and the March 3, 2023 order from the Honorable Magdeline Coleman is appealable as a final order.

Respectfully submitted,

_____          Date: March 22, 2023
Richard S. Brown
Pro Se Appellant

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Richard S. Brown<br><br>Chapter 13 Debtor<br><br>Case No: 21-13400 (MDC)<br><br>---<br><br>JONATHAN SETHNA and<br><br>CHRISTINE SETHNA,<br><br>    Plaintiffs/Appellees,<br><br>vs.<br><br>RICHARD S. BROWN<br><br>    Defendant/Appellant.<br><br>Adv. Pro. No. 22-00034 | Case No. 2-23-cv-00862-MRP |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Answer To and Memorandum of Law In Opposition To Jonathan and Christine Sethna's Motion To Quash Appeal was served electronically on the following:

DAVID BANKS
Banks & Banks
3038 Church Road
Lafayette Hill, PA 19444
Email: bbwlaw@yahoo.com

VINCENT NATHANIEL BARBERA
White and Williams LLP
1800 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Email: barberav@whiteandwilliams.com

AMY E. VULPIO
White and Williams LLP
1650 Market Street, 18th Floor
Philadelphia, PA 19103
(215) 864-6250
Email: vulpioa@whiteandwilliams.com

MICHAEL A. CATALDO
Gellert Scali Busenkell & Brown LLC
1628 John F. Kennedy Blvd.
Suite 1901
Phila., PA 19103
Email: mcataldo@gsbblaw.com

Date: March 22, 2023

_____
Richard S. Brown
Appellant Pro Se

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) <br> ) <br> RICHARD S. BROWN, ) <br> ) <br> Debtor. ) <br> ) | Chapter 13 <br><br> Case No. 21-13400-MDC |
| JONATHAN SETHNA and ) <br> CHRISTINE SETHNA, ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> RICHARD S. BROWN, ) <br> Defendant. ) | <br><br><br><br><br><br><br> Adv. Pro. No. 22-00034-MDC |

## ORDER

**AND NOW**, on June 27, 2022, Jonathan and Christine Sethna (the "Plaintiffs") filed an Amended Complaint[1] in the above-captioned adversary proceeding, seeking a determination that a debt Richard S. Brown (the "Debtor") owes to them pursuant to a settlement agreement (the "Settlement Agreement") and stipulated judgment (the "Judgment") obtained in Pennsylvania state court (the "Pennsylvania Litigation") is nondischargeable pursuant to §§523(a)(2)(A) and 523(a)(6) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**AND**, on July 26, 2022, the Debtor filed an Answer[2] to the Amended Complaint.

---

[1] Adv. Pro. Docket No. 11.
[2] Adv. Pro. Docket No. 12.

**AND**, on January 12, 2023, the Plaintiffs filed a partial motion for summary judgment (the "Summary Judgment Motion")[3] with respect to their claim under §523(a)(2)(A) of the Complaint.

**AND**, on February 2, 2023, the Debtor filed a response (the "Response")[4] to the Summary Judgment Motion.

**AND**, on February 13, 2023, the Court held a hearing on the Summary Judgment Motion.

It is hereby **ORDERED, ADJUDGED, and DETERMINED** that:

1. The Summary Judgment Motion is **GRANTED**.

2. Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge under, *inter alia*, §1328(b) does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. §523(a)(2)(A). To establish that the Debtor's debt to them is nondischargeable pursuant to §523(a)(2)(A) because it was incurred by the use of false representations, the Plaintiffs must establish by a preponderance of the evidence the following elements: (1) the Debtor made representations knowing they were false; (2) the Debtor made the representations with the intent and purpose of deceiving the Plaintiffs; (3) the Plaintiffs justifiably relied on the Debtor's false representations; and (4) the Plaintiffs suffered a loss or damage as a proximate consequence of the representation having been made. *Field v. Mans*, 516 U.S. 59, 61 (1995) (stating elements of a §523(a)(2)(A) claim for false representations).

3. The Settlement Agreement resolved the Plaintiffs' fraud and breach of contract

---

[3] Adv. Pro. Docket No. 26.
[4] Adv. Pro. Docket No. 30.

claims against the Debtor related to his agreement to build their residence in Philadelphia. See Summary Judgment Motion, at Ex. C. The Settlement Agreement provided, among other things, for the entry of the Stipulated Judgment in the Pennsylvania Litigation against the Debtor and his wholly-owned company, Oxford Consulting, LLC ("Oxford"), in the amount of $120,000. *Id.*[5]

4.   Paragraph 11 of the Settlement Agreement the Plaintiffs and the Debtor entered into to resolve the Pennsylvania Litigation provides, in relevant part, as follows: "Section 523(a)(2)(A) Stipulation ... The Undersigned Parties acknowledge and agree that the Litigation arose due to the fraudulent actions of [the Debtor and Oxford]. [The Debtor] acknowledges and agrees that (a) he personally and through the actions of [Oxford], did make materially false representations to [the Plaintiffs] in connection with the Agreement for Sale and building of the Property (the 'Representations') with the intent to deceive and fraudulently obtain money and property from [the Plaintiffs]; (b) [the Plaintiffs] did reasonably rely on such Representations; and (c) such Representations did cause [the Plaintiffs] material loss." *Id.* at Ex. C.

5.   The Settlement Agreement is a contract between the Plaintiffs and the Debtor, and Paragraph 11 of the Settlement Agreement is an unambiguous admission by the Debtor that satisfies all elements for nondischargeability of a debt under §523(a)(2)(A) due to false representations. The Debtor cannot now escape the consequences of that admission by asserting that the admissions he made were knowingly false when he made them, and that he did so only to induce the Plaintiffs to settle their fraud and breach of contract claims against him in the Pennsylvania Litigation. *See In re WL Homes, LLC*, 452 B.R. 138, 147, n. 4 (Bankr.D.Del.2011)

---

[5] The Stipulated Judgment entered in the Pennsylvania Litigation provides for judgment in the amount of $125,000. *Id.* at Ex. D. An issue the Debtor has pressed, but which the Court cannot and will not resolve, is whether the Judgment should have been entered in the amount of $120,000, consistent with the Settlement Agreement. The Judgment was entered in the amount of $125,000, and the Court is bound by that judgment amount; to the extent the Debtor believed that amount was incorrect as inconsistent with the Settlement Agreement, that was an issue to be resolved by the Pennsylvania court that entered the Judgment.

("It has long been the common law rule that signing a document authenticates and adopts the words it contains, even if there was a lack of subjective understanding of the words or their legal effect. In essence, people are presumed to be bound by what they sign." (quoting *In re Schwalb*, 347 B.R. 726, 743 (Bankr.D.Nev.2006); *Corum Real Estate Group, Inc. v. Blackrock Realty Advisors, Inc.*, Civ. No. 09–01680, 2010 WL 1957221, at *3 (D.Colo. May 14, 2010) ("it is axiomatic that a party agrees to the things contained in a written agreement that it signs."); *Fifth Third Bank of Northwestern Ohio v. Baumhaft (In re Baumhaft)*, 271 B.R. 523, 526-27 (Bankr. E.D. Mich. 2001) (finding that debtor's intention to be bound by factual admissions of bank fraud in pre-petition settlement agreement and verified statement were evidenced by the documents and warranted summary judgment on plaintiff's nondischargeability claim).[6] The Court likewise finds meritless the Debtor's argument that the fraud was not fully litigated, but rather was settled, and that the Settlement Agreement does not detail any specific false representations. Paragraph 11 of the Settlement Agreement constitutes the Debtor's admission that he made false representations to the Plaintiffs to fraudulently obtain their money and property; the Settlement Agreement precluded the need for litigation, and no further detail is required to establish that the Debtor made false representations for purposes of §523(a)(2)(A).

6.     The Court finds that paragraph 11 of the Settlement Agreement constitutes an unambiguous admission by the Debtor that satisfies all requirements for liability under §523(a)(2)(A), and therefore entitles the Plaintiffs to judgment as a matter of law on Count I of the Amended Complaint.

---

[6] Moreover, as the Plaintiffs argue in the Summary Judgment Motion, to the extent the Debtor now asserts in this proceeding that he knew the admissions he was making in paragraph 11 of the Settlement Agreement were false and did so only to induce the Plaintiffs to settle their claims against him, this does not help the Debtor. Rather, this is an admission that in entering into the Settlement Agreement, thereby inducing the Plaintiffs to release their claims in the Pennsylvania Litigation in exchange for, *inter alia,* the Stipulated Judgment, the Debtor did so by knowingly making a false representation. Such an admission likewise renders the debt to the Plaintiffs nondischargeable.

7.  Several issues, however, remain for resolution. First, the Debtor has asserted in the Response that the Debtors themselves breached the Settlement Agreement, and has asserted as an affirmative defense in his Answer that the Court needs to determine the amount of the Plaintiffs' claim that is nondischargeable. At the Hearing, the Plaintiffs argued that any purported breach of contract claim by the Debtor may be waived and/or barred by the applicable statute of limitations issue (the "Breach of Contract Issue"). Second, at the Hearing the Court *sua sponte* raised whether the portion of the Plaintiffs' claim against the Debtor that is attributable to post-judgment, pre-petition interest is also nondischargeable, or alternatively, only the $125,000 principal amount of the Stipulated Judgment is nondischargeable (the "Post-Judgment Interest Issue"). Finally, at the Hearing, counsel for the Plaintiffs suggested that, if the Court were to rule in the Plaintiffs' favor with respect to summary judgment on Count I of the Complaint, they may decide not to pursue Count II of the Amended Complaint (the "Count II Issue"). As the Court is hereby granting the Plaintiffs summary judgment on Count I, the 523(a)(6) Issue requires clarification from the Plaintiffs.

8.  The Court will hold status conference on **March 14, 2023, at 11:00 a.m., in Bankruptcy Courtroom No. 2, Robert N.C. Nix Federal Building & Courthouse, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania**, to confer with the Plaintiffs and the Debtor regarding resolution of (i) the Breach of Contract Issue, (ii) the Post-Judgment Interest Issue, and (iii) the Count II Issue.

Dated: March 3, 2023

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

David Banks, Esquire
Banks & Banks
3038 Church Road
Lafayette Hill, PA 19444

Amy E. Vulpio, Esquire
Vincent N. Barbera, Esquire
White and Williams LLP
1650 Market Street, Suite 1800
Philadelphia, PA 19103-7395

Michael A. Cataldo, Esquire
Gellert Scali Busenkell & Brown LLC
1628 John F. Kennedy Blvd., Suite 1901
Philadelphia, PA 19103